IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN RAY FITZPATRICK,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  ) | Civil Action No. 2:10cv1054-MEF<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Steven Ray Fitzpatrick ("Fitzpatrick") is before this court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. After consideration of Fitzpatrick's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

**I.  BACKGROUND**

On October 19, 2009, pursuant to a plea agreement, Fitzpatrick pled guilty to possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession with intent to distribute fifty grams or more of methamphetamine, also in violation of 21 U.S.C. § 841(a)(1) (Count Two). After a sentencing hearing on April 19, 2010, the district court sentenced Fitzpatrick to 84 months

in prison. Fitzpatrick did not appeal.[1]

On December 8, 2010, Fitzpatrick filed a *pro se* § 2255 motion (Doc. No. 1)[2] asserting the following claims for relief:

> Ground One: The Government breached the plea agreement, because the drug amount for which Fitzpatrick could be held accountable under the plea agreement was greater than the drug amounts alleged in the indictment and listed in the forensic lab report.
>
> Ground Two: The determination of Fitzpatrick's qualification for a third level of reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b) for acceptance of responsibility was improperly "at the sole discretion" of the Government.
>
> Ground Three: The drug amount set forth in the Factual Basis section of the plea agreement was greater than the drug amount listed in the lab report.
>
> Ground Four: The probation officer erroneously recommended a two-level firearm enhancement in the Presentence Investigation Report ("PSI") based on Fitzpatrick's possession of a pistol on September 4, 2008.
>
> Ground Five: Fitzpatrick was denied the effective assistance of counsel because (a) his attorney, Susan James, signed the plea agreement three days after it was signed by the prosecutor and (b) the name of his attorney was incorrectly listed in the last paragraph of the plea agreement as "Jeffery C. Duffey" rather than Susan James.
>
> Ground Six: Counsel rendered ineffective assistance because the drug amount for which Fitzpatrick could be held accountable under the plea agreement was

---

[1] The plea agreement contained an appeal/collateral-attack waiver with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.

[2] References to document numbers are to those assigned by the Clerk of Court in the instant civil action or, where indicated, in the underlying criminal proceedings (Case No. 2:09cr154-MEF-SRW). All page references are to those assigned by CM/ECF. References to exhibits ("Exh.") are to Government Exhibits included with the Government's Response to the § 2255 Motion (Doc. No. 13).

2

greater than the drug amounts alleged in the indictment and he was therefore "under the strong belief that he was pleading to 5 years or less."

Ground Seven: Fitzpatrick was prejudiced by the Government's failure to move for the additional one-level reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b), as contemplated in the plea agreement.

Doc. No. 1 at 4-16.[3] On August 25, 2011, Fitzpatrick amended his § 2255 motion to assert a claim that his trial counsel was ineffective for failing to object to the two-level firearm enhancement imposed at sentencing. Doc. No. 19.

## II. DISCUSSION

**A.   General Standard of Review**

Collateral review is not a substitute for direct appeal; therefore, the grounds for collateral attack on final judgments of conviction are extremely limited. A federal prisoner is entitled to relief under 28 U.S.C. § 2255 only if the district court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Fitzpatrick*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d

---

[3] The claims in Fitzpatrick's motion overlap in places, are repetitive, and are not always presented in a clear and logical fashion. For organizational and analytical purposes, this court has recast some of Fitzpatrick's claims in a more appropriate presentation.

1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice"). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

**B.     Claims Barred by Waiver Provision in Plea Agreement**

The Government maintains (*see* Doc. No. 13 at 14-15) that Grounds Three and Four in Fitzpatrick's § 2255 motion are barred from review by the waiver provision contained in his plea agreement:

> Ground Three:  The drug amount set forth in the Factual Basis section of the plea agreement was greater than the drug amount listed in the forensic lab report.  *See* Doc No. 1 at 7.
>
> Ground Four:  The probation officer erroneously recommended a two-level firearm enhancement in the PSI based on Fitzpatrick's possession of a pistol on September 4, 2008.[4]  *Id*. at 8.

---

[4] The Government does not assert the waiver provision as a bar to any of the other claims presented by Fitzpatrick, because those remaining claims either allege ineffective assistance of
(continued...)

The plea agreement contained a waiver provision with the following pertinent language:

DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

1. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, including upward departures or variances, and waives the right to attack the conviction and sentence in any post-conviction proceeding, including § 2255 motions. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

Exh. C - Doc. No. 13-3 at 6.

An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the

---

[4](...continued)
counsel (*see* Grounds Five & Six in the § 2255 motion and the claim raised in the motion to amend the § 2255 motion) or "arguably contain allegations of prosecutorial misconduct" (*see* Grounds One, Two & Seven in the § 2255 motion). *See* Doc. No. 13 at 12.

5

waiver. *Bushert*, 997 F.2d at 1351.

There is nothing in the record indicating that the waiver in Fitzpatrick's case was anything but knowing and voluntary. At the change of plea hearing, the magistrate judge ascertained from Fitzpatrick that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the plea agreement. *See* Case No. 2:09cr154-MEF-SRW, Doc. No. 54 at 5-6. The terms of the waiver provision were stated in open court, with Fitzpatrick representing to the court that he understood them. *Id.* at 8. Further, the written plea agreement contained Fitzpatrick's signature acknowledging that he had read and understood the plea agreement and that the matters and facts set forth in the written agreement accurately reflected all representations that had been made to him and all the terms that had been reached. *See* Exh. C - Doc. No. 13-3 at 11. Fitzpatrick does not allege that he did not understand the consequences of the waiver. Under these circumstances, the court finds that Fitzpatrick understood the full significance of the waiver provision in his plea agreement and that his assent to the waiver was knowing and voluntary. Consequently, the court agrees with the Government that Grounds Three and Four in Fitzpatrick's § 2255 motion are barred from review by the waiver provision in the plea agreement.

## C.     Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325,

1344 (11th Cir. 2006).  Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  A "reasonable probability is one "sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance."  *Id*. (internal quotation marks and brackets omitted).  Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  *Id*.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.  *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance

7

prong").

### 1. Defense Counsel's Signing of Plea Agreement Three Days after it Was Signed by Prosecutor and Clerical Error in Plea Agreement

Fitzpatrick contends he was denied the effective assistance of counsel when (a) his attorney, Susan James, signed the plea agreement three days after it was signed by the prosecutor and (b) the name of his attorney was incorrectly listed in the last paragraph of the plea agreement as "Jeffery C. Duffey" rather than Susan James. *See* Ground Five in § 2255 motion, Doc. No. 1 at 12.

The record reflects that the prosecutor signed the written plea agreement on October 16, 2009. Exh. C - Doc. No. 13-3 at 10. James and Fitzpatrick signed on October 19, 2009 – the date on which the change of plea hearing was held. *Id*. at 11. The final paragraph of the plea agreement contained a typed statement that "I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, JEFFERY C. DUFFEY [sic]." *Id*. Fitzpatrick claims that, under the circumstances, "one can only wonder 'if' something else was allegedly planned, that further jeopardized the protections afforded to the Defendant in taking a plea." Doc. No. 1 at 12.

Addressing Fitzpatrick's claim that she rendered ineffective assistance of counsel, James notes in an affidavit filed with this court that "[i]t is not uncommon for the Government to sign on a date different than the defendant and his counsel." Doc. No. 5-1 at 2. James further observes that Fitzpatrick fails to indicate how her signing of the plea

8

agreement three days after it was signed by the prosecutor was in any way prejudicial to Fitzpatrick. With regard to Duffey's name appearing on the written plea agreement, James states:

> It appears this was a typographical error. Susan G. James counseled Fitzpatrick over the plea agreement. Attorney Duffey is located in the same office as the undersigned and the inclusion of his name was an oversight by the Government, Fitzpatrick, and counsel. It has nothing to do with the knowing and voluntary nature of the agreement.

Doc. No. 5-1 at 2.

The Government notes that James is listed as Fitzpatrick's attorney throughout the written plea agreement, including on the front page as well as on the last page, on the signature line, just below the paragraph where Duffey's name erroneously appeared. James's signature is on that signature line. Fitzpatrick does not suggest that he or anyone else was confused about who his counsel was. In any event, as both James and the Government correctly observe, Fitzpatrick fails to present any facts or argument tending to demonstrate that either the clerical error on the plea agreement or James's signing of the agreement three days after it was signed by the prosecutor was prejudicial to Fitzpatrick. Fitzpatrick's bare suggestion that "one can only wonder" if something was planned to jeopardize his rights is insufficient to establish prejudice. In the absence of a showing of prejudice, Fitzpatrick is foreclosed from obtaining relief on this claim of ineffective assistance of counsel. *See, e.g., Duren*, *supra*, 161 F.3d at 660.

   2.   ***Fitzpatrick's Belief He Was Pleading to "Five Years or Less"***

9

Fitzpatrick appears to argue that James rendered ineffective assistance of counsel because the drug amount for which he could be held accountable under the plea agreement was greater than the drug amounts alleged in the indictment and he was therefore "under the strong belief that he was pleading to 5 years or less." *See* Ground Six in § 2255 motion, Doc. No. 1 at 13; *see also* Doc. No. 30 at 2.

James addresses this claim as follow:

> Fitzpatrick said he was "under the strong belief that he was pleading to five years or less and that the upper departure was prejudicial." Fitzpatrick was informed every step of the way as to what his guidelines should be if based only on the quantity seized at the time of his arrests and associated with his arrest and/or if the Government was successful in using the relevant conduct provided by the cooperating individual. Counsel never told Fitzpatrick that he was pleading only to five years. Further, there was not an upward departure from the advisory guidelines. Instead, the Court varied approximately seven years downward reducing Fitzpatrick's sentence from what the Government sought based on the relevant conduct.

Doc. No. 5-1 at 2-3.

Fitzpatrick does not dispute James's statement that she informed him "every step of the way" as to what his sentencing guidelines calculation would be "if the Government was successful in using the relevant conduct provided by the cooperating individual." The Government was indeed successful in this regard. Testimony provided by a confidential informant who made numerous drug buys from Fitzpatrick was considered by the district court as relevant conduct for purposes of determining the quantity of methamphetamine attributable to him. Based on evidence presented at Fitzpatrick's sentencing hearing, the court found that a total of 1,244 grams (1.244 kilograms) of methamphetamine was

attributable to him.[5]

Fitzpatrick fails to demonstrate that he reasonably believed his sentencing exposure was limited to the *minimum* amounts of methamphetamine alleged in the indictment, five grams for Count One and fifty grams for Count Two.[6] Paragraph 1.c of the Government's Provisions section of the plea agreement specifically informed Fitzpatrick that the amount of narcotics to be attributed to him for sentencing purposes "shall not exceed 5 KG [5,000 grams] of Methamphetamine." *Id*. at 3. As the Government says, "Fitzpatrick cannot dispute that he was aware of this provision of the plea agreement, because he, along with his attorney, initialed this provision after a pen change was made to it." Doc. No. 13 at 27. This provision in the plea agreement was also referred to in open court by the prosecutor during the change of plea hearing, and Fitzpatrick told the court he understood this provision. *See* Case No. 2:09cr154-MEF-SRW, Doc. No. 54 at 3 & 5.

While James states in her affidavit that she never told Fitzpatrick he was "pleading only to five years," Fitzpatrick does not indicate anywhere in his pleadings that his "strong belief that he was pleading to 5 years or less" was based on any promises or other

---

[5] The undersigned can only surmise that the district court's consideration of the confidential informant's testimony in determining the quantity of methamphetamine attributable to Fitzpatrick is what Fitzpatrick means by the court's "upward departure." *See* Doc. No. 1 at 13. As James correctly observes, however, the district court did not depart upward from the advisory guidelines, but instead varied downward substantially from the applicable guidelines range in imposing Fitzpatrick's sentence of 84 months.

[6] In making this claim, Fitzpatrick appears not to recognize – or simply to ignore – that Counts One and Two charged the possession with intent to distribute of five grams *or more* of methamphetamine and fifty grams *or more* of methamphetamine, respectively.

representations made to him by James. The plea agreement, signed by Fitzpatrick on the day of the change of plea hearing, set forth the limits of punishment for the counts to which he pled guilty. *See* Exh. C - Doc. No. 13-3 at 1. As to Count One, the plea agreement listed the maximum term of imprisonment as not more than twenty years. *Id.* As to Count Two, the plea agreement listed the range of imprisonment as not less than five years and not more than forty years. *Id*. The magistrate judge advised Fitzpatrick of these same limits of punishment during the guilty plea colloquy, and Fitzpatrick averred that he understood the possible punishment in his case. *See* Case No. 2:09cr154-MEF-SRW, Doc. No. 54 at 7. Fitzpatrick also testified that his guilty plea was not induced by any promises or assurances not contained in the plea agreement. *Id*. at 5-6.

In light of the facts and record evidence cited above, this court finds that Fitzpatrick fails to present a meritorious claim. His vague and conclusory allegations are insufficient to show that James's performance was deficient or that he was prejudiced by James's performance. *Strickland*, 466 U.S. at 687-89. Therefore, Fitzpatrick is not entitled to relief based on this claim of ineffective assistance of counsel.

### 3. *Failure to Challenge Firearm Enhancement*

Fitzpatrick amended his § 2255 motion to add a claim that James rendered ineffective assistance of counsel by failing to object to the two-level firearm enhancement imposed at sentencing pursuant to U.S.S.G. § 2D1.1(b)(1). Doc. No. 19. This claim, however, is entirely meritless. James vigorously objected to the application of this firearm enhancement

both prior to and at Fitzpatrick's sentencing hearing. *See* Case No. 2:09cr154-MEF-SRW, Doc. No. 50 at 8, 14-20, 95 & 106-07; *id.*, Doc. No. 42 at 3; *see also, e.g.*, PSI at 15. Therefore, Fitzpatrick is not entitled to relief based on this claim.

**D.      Breach of Plea Agreement and Other Government "Misconduct"**

   *1.      "Breach" of Plea Agreement*

Fitzpatrick claims that the Government breached the plea agreement, because the drug amount for which he could be held accountable under the plea agreement was greater than the drug amounts alleged in the indictment and listed in the lab report. *See* Ground One in § 2255 motion, Doc. No. 1 at 4. As the Government observes, "Fitzpatrick is correct that the plea agreement allowed the Government to argue at sentencing that he should be held accountable for a drug amount in excess of the amount charged in the indictment or contained in the lab reports. However, this does not constitute a breach of the plea agreement." Doc. No. 13 at 29. The Government successfully sought to have Fitzpatrick's numerous sales to the confidential informant considered as relevant conduct for purposes of calculating the drug quantities attributable to him. This was provided for under the terms of the plea agreement. There was no breach of the plea agreement in this regard, and the Government did not commit prosecutorial misconduct.

   *2.      Offense-level Reduction Pursuant to U.S.S.G. § 3E1.1(b)*

Finally, Fitzpatrick argues that (1) the determination of his qualification for a third level of reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b) for acceptance of

responsibility was improperly "at the sole discretion" of the Government,[7] and (b) he was prejudiced by the Government's failure to move for the additional one-level reduction in offense level pursuant to § 3E1.1(b) as contemplated in the plea agreement. *See* Ground Two in § 2255 motion, Doc. No. 1 at 5; Ground Seven in § 2255 motion, Doc. No. 1 at 14.

The plain language of U.S.S.G. § 3E1.1(b) provides that the grant of the additional level of reduction in the defendant's offense level must be "upon the motion of the government." The Government did in fact move for the third level of reduction in Fitzpatrick's offense level under § 3E1.1(b); that motion was granted, and Fitzpatrick received the third level of reduction under § 3E1.1(b). Fitzpatrick's claim therefore has no basis in fact or law and is due to be rejected.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Fitzpatrick be DENIED, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 25, 2013. A party must specifically identify the findings in the

---

[7] The undersigned questions whether this aspect (Ground Two in the § 2255 motion) of Fitzpatrick's claim should be interpreted as a claim of prosecutorial misconduct; it, too, might be subject to the bar provided by the waiver provision in the plea agreement. In any event, as discussed, the claim is meritless.

14

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 11th day of March, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE